UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN KING, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-06-2662 |
| SOLVAY S.A., *et al.*, | § § § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is relators' motion to permit use of subpoenaed documents in their third amended complaint. Dkt. 107. After review of the motion, the response, the reply, and the applicable law, the motion is GRANTED.

**BACKGROUND**

Relators bring a *qui tam* action against defendants alleging they violated the False Claims Act. The case was originally filed in 2003, but remained under seal until December, 2009. While under seal, both the State of Texas and the Commonwealth of Virginia issued a number of civil investigative demands compelling defendants to produce documents related to relators' allegations. Dkt. 107 at 1. Texas and Virginia in turn shared the documents that were produced with relators' counsel, as authorized by the states' respective statutes. *Id.*

Defendants filed a motion to dismiss relators' second amended complaint in March, 2010, in part for failure to plead the alleged fraud with the particularity required under Rule 9(b). *See* Dkts. 94, 95. The court denied the motions to dismiss as moot and instead granted relators leave to amend their complaint. Dkt. 104. Relators now seek to use the subpoenaed documents that were shared by Texas and Virginia as part of their third amended complaint.

## ANALYSIS

"The complaint in a False Claims Act suit must fulfill the requirements of Rule 9(b)." *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999). However, when the facts related to the alleged fraud are particularly within the perpetrator's knowledge, this standard is relaxed. *Id.* (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

In the present case, relators ask the court to allow them to use the documents provided by Texas and Virginia so as to streamline the complaint and ensure that the necessary factual details are provided to survive a Rule 9(b) challenge. Dkt. 107 at 3. Defendants, however, contend that relators are not entitled to use the documents because (1) the Texas and Virginia statutes do not authorize such a use; and (2) the relators have offered no other authority permitting the use of the documents in the manner proposed. Dkt. 108.

As an initial matter, the defendants' argument that the Texas and Virginia statutes do not allow the relators to use the documents fails. The statutes describe only what the respective Attorney Generals may do with documents they subpoena in the course of an investigation, not what relators may do with the documents once disclosed to them. *See* TEX. HUM. RES. CODE ANN. § 36.054(e) ("The office of the attorney general may not . . ."); VA. CODE ANN. §32.1-320(B) ("The Attorney General or his authorized representative shall . . ."). Additionally, the Fifth Circuit's holding in *United States ex rel. Russell v. Epic Healthcare Management Group* almost necessitates that relators be allowed to use the subpoenaed documents that were shared by the States in their amended complaint. 193 F.3d at 308. In *Russell*, the court specifically held that the relator was not afforded a relaxed pleading standard under Rule 9(b) specifically because the necessary information was not only within the perpetrator's knowledge, but also within the hands of the Healthcare Financing

2

Administration. *Id.* At least one other court has come to the same conclusion. *See United States ex rel. Underwood v. Genentech, Inc.*, No. 03-CV-3983, 2010 WL 2253734 (June 2, 2010 E.D. Pa.) ("Genentech offers no authority—and I can find none—barring amendments based on discovery the relator obtained from the Government. Indeed, as I have discussed, courts have suggested just the opposite."). Therefore, the relators' motion to use the subpoenaed documents in their amended complaint is granted.

## CONCLUSION

For the reasons stated above, relators' motion to permit use of subpoenaed documents in their third amended complaint is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on July 20, 2010.

_____
Gray H. Miller
United States District Judge