UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN KING, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-06-2662 |
| SOLVAY S.A., *et al.*, | § § § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is relators John King and Jane Doe's (Relators) motion to reconsider dismissal of their retaliation claims in light of new authority. Dkt. 164. After considering the Fifth Circuit's opinion in *Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940 (2012), the briefing, and other applicable law, the court is of the opinion that the motion should be GRANTED.

### I. LEGAL STANDARD AND ANALYSIS

In their motion to dismiss Relators' fourth amended complaint, Defendants argued that Relators' retaliation claims should be dismissed as barred by the statute of limitations or, alternatively, because Relators failed to state a claim under Federal Rule of Civil Procedure 8(a). Dkt. 122. The court granted the motion on statute of limitations grounds and did not address the Rule 8(a) argument. Dkt. 153. With regard to the statute of limitations, since there is no statute of limitations expressed in the False Claims Act ("FCA") with regard to retaliation claims, the court considered whether to apply the 90 day statute of limitations contained in section 554.005 of the Texas Government Code, the 180 day statute of limitations in section 151.134(h) of the Texas Health and Safety Code, or the 2 year statute of limitations contained in section 16.003 of the Texas Civil

Practices and Remedies Code. Dkt. 153. The court determined that the most analogous statute with regard to this particular FCA claim, which involves alleged fraud relating to the healthcare industry, was section 161.134(h) of the Texas Health and Safety Code, and the court therefore applied the 180 day limitations period contained in that statute and dismissed Relators' retaliation claims as untimely. Relators now seek reconsideration of that ruling in light of a new Fifth Circuit case in which the Fifth Circuit considered what the statute of limitations should be for an FCA retaliation claim and found that section 16.003 of the Texas Civil Practices and Remedies Code was the most analogous Texas statute. Relators additionally ask the court, if it decides to reconsider the statute of limitations issue and rules in Relators' favor, to rule on the alternative grounds for dismissal of the claims contained in Defendants' motion to dismiss, as the court declined to address the alternative grounds in its original order.

A.     **Statute of Limitations Issue**

When the court initially considered which Texas statute was most closely analogous to the FCA for retaliation claims, there were no Fifth Circuit opinions addressing this issue. However, on January 5, 2012, the Fifth Circuit released its opinion in *Riddle v. Dyncorp International Inc.*, 666 F.3d 940 (5th Cir. 2012), which directly addresses which Texas statute is most analogous to the FCA for purposes of imposing a statute of limitations on retaliation claims. *Riddle* involves claims by an ex-senior employment manager of Dyncorp International who allegedly was fired after protesting Dyncorp's inaction on a government contract. 666 F.3d at 941. The Fifth Circuit considered whether the 90 day statute of limitations contained in section 554.005 of the Texas Government Code or the 2 year statute of limitations in section 151.134(h) of the Texas Civil Practices and Remedies Code applied. *Id.* The Fifth Circuit discussed the Texas whistleblower regime, noting that

2

the limitations periods in the various Texas whistleblower statutes vary with the employment field of the employee. *Id.* at 942. The plaintiff, Riddle, did not fit into any of the employment fields specified in the statutes, and the Fifth Circuit reasoned that it made no sense to borrow the limitations periods from those statutes. *Id.* It also determined that the Texas Whistleblower Act was not analogous because it applied only to public employees and contemplated that in most cases the 90 day statute of limitations would be lengthened by administrative proceedings available to public employees—and Riddle was neither a public employee nor entitled to administrative proceedings. *Id.* at 943. The Fifth Circuit held that the two-year period in the Texas Civil Practices and Remedies Code, which applies generally to personal injury claims, was the most analogous statute because it is associated with a type of wrongful discharge cause of action where the person is terminated for refusing to commit an illegal act. *Id.*

Here, Relators, like Riddle, do not fit neatly into any of the employment fields specifically delineated in the Texas whistleblower statutes. While the court held in its original order that section 161.134 was the most *closely analogous* of the Texas whistleblower statutes because it involves the healthcare industry, the statute on its face applies only to retaliation against employees of hospitals, mental health facilities, or treatment facilities. Tex. Health & Safety Code Ann. § 161.134(a). Certainly, Relators' employment field—pharmaceutical marketing—is more analogous to the employment fields in this statute than Riddle's employment (as an employment manager for Dyncorp) was to this or any of the other specific statutes, which address public employees, physicians, nursing home employees, employees who work with hazardous chemicals, and agricultural laborers. *See Austin v. HealthTrust, Inc.—The Hosp. Co.*, 967 S.W.2d 400, 402-03 (Tex. 1998) (discussing the Texas whistleblower statutes). However, at the time the court initially ruled

3

on this issue, it was without the benefit of the Fifth Circuit's guidance with regard to the general personal injury statute being analogous to the FCA.  Now that the Fifth Circuit has issued this opinion, the court is persuaded that it should apply the limitations period contained in section 16.003 of the Texas Civil Practices and Remedies Code rather than the 180 day period contained in section 161.134 of the Texas Health and Safety Code.  Accordingly, Relators' motion to reconsider is GRANTED.

**B.     Alternative Ground for Dismissal**

In the motion to dismiss, Defendants also argued that Relators' retaliation claim should be dismissed because the Fourth Amended Complaint failed to allege facts to support each element of an FCA retaliation claim.  Dkt. 122.  Defendants assert that Relators have not alleged that they engaged in protected activity in their Fourth Amended Complaint, that they do not plead that they placed their employer on notice that they were acting in furtherance of an FCA action, and that they allege no facts causally connecting any protected activity to their terminations.  *Id.*  Relators assert that they have met the Rule 8(a) pleading requirements.  Specifically, Relators argue that they have plausibly pled that they engaged in protected activity because they allege that they repeatedly informed their superiors that Defendants were engaging in illegal marketing activity, and specifically noted that the activity was illegal, that it is plausible, based on their pleadings, to conclude that Defendants knew that Relators' conduct was protected conduct, and that the fourth amended complaint raises a reasonable inference that Relators' termination resulted from their protected activity.  Dkt. 45.  They support this inference with the temporal proximity between the alleged protected activity and terminations.  *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted). The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

First, since Relators allege that they used the term "illegal" when discussing their concerns with their employer prior to their terminations, the court finds that they have plausibly stated that they engaged in protected activity. *See Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994) (collecting cases where individuals were found to have engaged in protected activity even though they did not file *qui tam* actions because they expressed concerns about fraud to their employers, but finding that Robertson, unlike the employees in the other cases, failed to use the terms "illegal, "unlawful," or "*qui tam* action" and therefore did not engage in protected activity); *Guerrero v. Total Renal Care, Inc.*, No. EP-11-CV-449-KC, 2012 WL 899228, at *6 (W.D. Tex.

5

Mar. 12, 2012) ("Because Plaintiff specifically alleges that he reported fraudulent claims for federal funds, Plaintiff's allegation is sufficient to state a claim for protected activity."). Second, with regard to pleading that Defendants knew that Relators engaged in protected conduct, "plaintiff has the burden of pleading facts that would demonstrate that defendants had been put on notice that plaintiff was either taking action in furtherance of a private *qui tam* action or assisting in an FCA action brought by the government." *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996). "[T]he kind of knowledge the defendant must have mirrors the kinds of activity in which the plaintiff must be engaged. What defendant must know is that plaintiff engaged in protected activity . . . that is, in activity that reasonably could lead to a False Claims Act case." *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 742 (D.C. Cir. 1998). However, "[m]erely grumbling to the employer about job dissatisfaction or regulatory violations does not satisfy the requirement—just as it does not constitute protected activity in the first place." *Id.* Here, the court finds that the alleged complaints about illegal marketing and kickbacks plausibly put Defendants on notice that Relators were engaging in protected activity. Finally, the alleged temporal proximity between the complaints and terminations is sufficient to meet the plausibility standard for pleading causation. Accordingly, Defendants' motion to dismiss Relators' retaliation claims under Rule 8(a) is DENIED.

## II. Conclusion

Relators' motion to reconsider the portion of the court's October 12, 2011 order that dismisses their retaliation claims is GRANTED. The court hereby VACATES its dismissal of Relators' retaliation claims. Defendants' motion to dismiss Relators' claim in the fourth amended complaint for failure to meet the Rule 8(a) pleading requirements for their FCA retaliation claims is DENIED.

It is so ORDERED.

Signed at Houston, Texas on March 28, 2012.

_____
Gray H. Miller
United States District Judge