UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> *ex rel.* JOHN KING, *et al.,* § <br> § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> SOLVAY S.A., *et al.*, § <br> § <br>     *Defendants*. § | CIVIL ACTION H-06-2662 |

## ORDER

Pending before the court are (1) an amended motion for leave to amend filed by relators John King and Tammy Drummond ("Relators") (Dkt. 222); and (2) a motion for summary judgment filed by defendant Solvay America, Inc. (Dkt. 207). Having considered the motions, related documents in the record, and applicable law, the court is of the opinion that the motion for leave to amend (Dkt. 222) should be DENIED and the motion for summary judgment (Dkt. 207) should be GRANTED.

### I. BACKGROUND

In 2003, Relators filed a sealed False Claims Act complaint against several entities including Abbott Products US Holdings, Inc. f/k/a Solvay Pharma U.S. Holdings, Inc. f/k/a Solvay America, Inc. ("Abbott") and Abbott's wholly owned subsidiary Solvay Pharmaceuticals, Inc. n/k/a AbbVie Products LLC ("SPI"). Dkt. 222. Relators filed this lawsuit on behalf of the United States government and numerous states. *Id.* Due to the procedural issues associated with the governmental units' determining whether to intervene, the case remained under seal and the defendants were not served until after the second amended complaint was filed on December 7, 2009. *See* Dkts. 54-62.

At that point, the named defendants included (1) Solvay S.A., which was alleged to be a corporation in Belgium; (2) Solvay America, Inc., which was alleged to be a wholly-owned subsidiary of Solvay, S.A. and the United States holding company for most of the North American subsidiaries of Solvay S.A.; and (3) Solvay Pharmaceuticals, Inc., which was alleged to be a wholly-owned subsidiary of Solvay America, Inc. until 2005, when Solvay S.A. allegedly reorganized its pharmaceutical sector. Dkt. 54.

On January 12, 2010, the second amended complaint was served on a company called Solvay America, Inc. Dkt. 62. On March 19, 2010, defendant Solvay America, Inc. moved to dismiss the second amended complaint.[1] Dkt. 94. In the motion to dismiss, defendant Solvay America, Inc. stated that it was a holding company for the North American subsidiaries of Solvay SA, that Solvay Pharmaceuticals, Inc. was not a subsidiary of defendant Solvay America, Inc., and that defendant Solvay America, Inc. had nothing to do with the manufacturing, marketing, or sale of the drugs that are the subject of this lawsuit. Dkt. 94-1. Before the court ruled on the motion to dismiss, Relators amended their complaint. Dkts. 104. The court then denied the motion to dismiss as moot. Dkt. 111.

On September 30, 2010, Relators filed their fourth amended complaint. Dkt. 114. Defendant Solvay America, Inc. filed a motion to dismiss the fourth amended complaint on November 30, 2010. Dkt. 121. Defendant Solvay America, Inc. asserted that Relators did not allege any wrongdoing by Solvay America, Inc. Dkt. 121-1. The court denied the motion to dismiss the federal False Claims Act claims asserted against Solvay America, Inc., finding that Relators plausibly

---

[1] When the court is referring to the Solvay America, Inc. that was served as a defendant in this lawsuit, it will refer to the company as "defendant Solvay America, Inc."

2

alleged that Solvay Pharmaceuticals, Inc., the company that is involved in the sale of the drugs at issue, was Solvay America, Inc.'s alter ego. Dkt. 153 at 126-27.

Relators filed their fifth amended complaint on November 22, 2011. Dkt. 154. The named defendants in the fifth amended complaint included (1) Solvay S.A.; (2) Solvay America, Inc.; (3) Solvay Pharmaceuticals, Inc.; and (4) Abbott Products, Inc., which Relators contend is the new name Solvay Pharmaceuticals, Inc. was given after it was acquired by Abbott Laboratories on February 16, 2010. *Id.* Relators contend in the fifth amended complaint that Solvay America, Inc. exerted supervision, control, and dominion over Solvay Pharmaceuticals. *Id.* The complaint specifies ways in which Solvay America, Inc. allegedly asserted this control, including various activities allegedly occurring from 1999-2002. *Id.*

Under the scheduling order, answers to the complaint and amendments to pleadings were due by October 17, 2012. Dkt. 193. In its answer to the fifth amended complaint, filed on October 17, 2012, defendant Solvay America, Inc. states that "prior to December 1, 2005, Defendant [Solvay America, Inc.] was a corporation known as Solvay Polymers, Inc. Effective December 1, 2005, a corporation formerly known as Solvay America, Inc. became known as Solvay US Pharma Holdings, Inc." Dkt. 179.

On June 24, 2013, defendant Solvay America, Inc. filed a motion for summary judgment in which it states that "[t]his is a case of mistaken identity" because the allegations in the fifth amended complaint "do not pertain to the company now known as [Solvay America, Inc.] and instead pertain to a different company that used the name "Solvay America" in the past. Dkt. 207. Defendant Solvay America, Inc. sums it up by stating that "Relators have sued the wrong [Solvay America, Inc.]." *Id.* The motion for summary judgment goes on to explain that a corporate reorganization in

2005, which was after this lawsuit was filed but while it was still under seal, led to the name "Solvay America" shifting from one company to a different one. *Id.* The Solvay America, Inc. that existed until 2005 was a pharmaceutical holding company. *Id.* That Solvay America, Inc. changed its name to Solvay Pharma U.S. Holdings, Inc. *Id.* A distinct company, Solvay Polymers, Inc., changed its name to Solvay America, Inc. in 2005. *Id.* According to defendant Solvay America, Inc., it does not now, and did not when it was known as Solvay Polymers, Inc., have any involvement in the pharmaceuticals line of business. *Id.* Instead, defendant Solvay America, Inc. (f/k/a Solvay Polymers, Inc.) either sells high density polyethylene and polypropylene or is a holding company owning shares in companies that are solely involved in the manufacture and sale of polymers. *Id.*

Rather than responding to defendant Solvay America, Inc.'s motion for summary judgment, Relators filed a motion to amend in which they requested to substitute Solvay Pharma U.S. Holdings, Inc. for Solvay America, Inc. Dkt. 215. Relators asserted that they did not know about the name changes that occurred while the case was still under seal and they were unable to serve the complaint, so when the case was unsealed they erroneously served the entity known as Solvay America, Inc. in 2010 when they meant to serve the entity known as Solvay America, Inc. in 2003, which in 2010 was known as Solvay Pharma US Holdings. *Id.* In the response to the motion to amend, Solvay America, Inc. advised that the company formerly known as Solvay Pharma US Holdings, LLP (which was known as Solvay America, Inc. until 2005) was renamed Abbott Products US Holdings, Inc. in March 2010 and was dissolved on June 29, 2012. Dkt. 219.

Relators amended their motion to amend so that they could also seek leave to add AbbVie, Abbott Laboratories, and John Doe Corporations based on their successor liability, since Solvay Pharma US Holdings, LLP was no longer in existence. Dkt. 222. Relators contend that they had no

4

way of knowing that they had sued the incorrect party until defendant Solvay America, Inc. filed its motion for summary judgment on June 24, 2013. Dkt. 222. Relators additionally complain that defendant Solvay America, Inc. litigated this case for over three years, including filing two motions to dismiss, and never mentioned that it was not the correct "Solvay America, Inc." *Id.*

Defendant Solvay America, Inc. asserts that it "was *Relators*' obligation to do their own homework about their own lawsuit, not the named defendants' job to 'proactively' suggest other defendants that Relators might want to pursue as well." Dkt. 225. Defendant Solvay America, Inc. argues that Relators have not shown good cause for amending the complaint at this late stage of the litigation because defendant Solvay America, Inc. stated in its answer to the fifth amended complaint, which it filed in October 2012, that it was known as Solvay Polymers, Inc. prior to December 1, 2005 and that the corporation formerly known as Solvay America, Inc. became known as Solvay US Pharma Holdings, Inc. on December 1, 2005. *Id.* (citing Dkt. 179). Defendant Solvay America, Inc. additionally states that there were numerous references to the fact that the names changed in 2005 in the record in this case as well as public records relating to corporate history . *Id.*

In addition to mentioning the name issue in the answer filed in October 2012, defendant Solvay America, Inc. points out that it mentioned that Solvay Pharma U.S. Holdings, Inc. was Solvay Pharmaceuticals, Inc.'s parent in numerous certificates of interested parties. *Id.* Defendant Solvay America, Inc. filed its first certificate of interested parties on February 11, 2010. Dkt. 79. The certificate indicates that defendant Solvay America, Inc. is a wholly owned subsidiary of Solvay, S.A., a European company. *Id.* It indicates that Solvay Pharma U.S. Holdings, Inc. (not Solvay America, Inc.) is the parent company of Solvay Pharmaceuticals, Inc. *Id.* Solvay Pharmaceuticals, Inc. filed a similar certificate of interested parties on the same day. Dkt. 78. Solvay

Pharmaceuticals, Inc. amended its certificate of interested parties on March 19, 2010, to notify the court that Solvay Pharmaceuticals, Inc.'s name was changed to Abbott Products, Inc. Dkt. 93. In that certificate, the first interested party, Abbott Products, Inc., is listed as follows: "Abbott Products, Inc. f/k/a/ [Solvay Pharmaceuticals, Inc.]; Solvay North America, Inc.; Solvay America, Inc.; Solvay S.A.; and Solvay Pharmaceuticals Sarl; defendants in this action." *Id.* The next line states: "Abbott Pharma U.S. Holdings, Inc., f/k/a Solvay Pharma Holdings, Inc., the parent corporation of Abbott Products, Inc., f/k/a [Solvay Pharmaceuticals, Inc.]." *Id.*

## II. LEGAL STANDARD

Generally, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a court sets a deadline for amendments pursuant to a scheduling order and the deadline has passed, as is the case here, courts in the Fifth Circuit apply Rule 16(b) to determine whether leave for an amendment should be granted. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause for amendment exists, courts consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (citations, quotations, and alterations omitted).

### III. ANALYSIS

The court finds that Relators have not shown good cause for the amendment because they have not shown diligence in seeking the extension. Relators strenuously argue that Solvay America, Inc. did not inform Relators and this court of the name changes in 2005 until it filed its motion for summary judgment on June 24, 2013—after years of litigation and multiple rounds of briefing. Dkt. 222. Relators assert that the court should not base its decision on a mere technicality about mistaken identities. *Id.* Solvay America, Inc. argues that Relators had notice not only in the answer to the fifth amended complaint, which was filed on October 17, 2012, but also in Solvay Pharmaceuticals, Inc.'s answer, and in multiple certificates of interested parties filed in this case. Dkt. 225. Additionally, Solvay America, Inc. argues that Relators could have easily determined what was happening with the corporate names by searching corporate documents in Delaware's public records. *Id.* As far as the argument that Solvay America, Inc. should have acted proactively to urge Relators to add the correct entity to the lawsuit, Solvay America, Inc. states that this "is simply not how litigation works."

First, if Relators wanted to sue Solvay Pharmaceuticals, Inc.'s parent corporation, Relators should have been alerted to the fact that the Solvay America, Inc. that they served with this lawsuit was not Solvay Pharmaceuticals, Inc.'s parent at least as early as March 19, 2010, when defendant Solvay America, Inc. filed its motion to dismiss the second amended complaint. *See* Dkt. 94. Defendant Solvay America, Inc. clearly stated that Solvay Pharmaceuticals, Inc. was not its subsidiary. *Id.* Relators could have looked at the corporate documents at this time, either by searching public records or requesting that defendant Solvay America, Inc. produce them. *Id.* The next clue that defendant Solvay America, Inc. was not the Solvay America, Inc. that Relators wanted

was in the certificates of interested parties filed by both defendant Solvay America, Inc. and Solvay Pharmaceuticals, Inc. These were filed on February 11, 2010. Dkts. 78, 79. The certificates clearly state that Solvay Pharma U.S. Holdings, Inc. is the parent company of Solvay Pharmaceuticals, Inc. Dkts. 78, 79. This would have been a good time for Relators to search corporate documents and determine whether they needed to sue Solvay Pharma U.S. Holdings, Inc. rather than defendant Solvay America, Inc. Instead of investigating whether they needed to add Solvay Pharma U.S. Holdings, Inc., Relators amended their complaint three more times, each time asserting that Solvay Pharmaceuticals, Inc. was a wholly-owned subsidiary of either Solvay America, Inc. or of Solvay Pharmaceuticals SARL (not Solvay Pharma U.S. Holdings, Inc.). Dkt. 111 (third amended complaint (Sept. 15, 2010)); Dkt. 114 (fourth amended complaint (Sept. 30, 2010)); Dkt. 154 (fifth amended complaint (Nov. 22, 2011)). The final unnoticed clue was defendant Solvay America, Inc.'s answer to the fifth amended complaint. Defendant Solvay America, Inc. clearly states in its answer to the fifth amended complaint, filed October 17, 2012, that prior to December 1, 2005, it was known as Solvay Polymers, Inc. and that effective December 1, 2005, the *former* Solvay America, Inc. became Solvay US Pharma Holdings, Inc. Dkt. 179.

Despite these various clues in the record that defendant Solvay America, Inc. was not the entity Relators thought it was, Relators insist that they were unaware of that fact until defendant Solvay America, Inc. filed its motion for summary judgment on June 24, 2013. Dkt. 222. While the court understands that the name transitions are confusing since two completely different companies had the same name, and the court agrees that it would have been less confusing if the defendant Solvay America, Inc. or its attorneys had more clearly advised Relators that it was not the same company as the Solvay America, Inc. that owned Solvay Pharmaceuticals, Inc. when Relators

worked at Solvay Pharmaceuticals, Inc., the court finds that the record in this case was clear enough to at least cause Relators to look into this issue well before defendant Solvay America, Inc. filed its motion for summary judgment. Thus, the court is not persuaded by Relators' explanation for their failure to timely move for leave to amend.

The other factors in the good cause analysis—the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure such prejudice—do not tip the balance in Relators' favor. While Relators will be somewhat prejudiced by not being able to pursue the alter ego claims against the former Solvay America, Inc.'s successor in interest, the main defendant in this case is Solvay Pharmaceuticals, Inc., which remains in the lawsuit. As far as the availability of a continuance, the court is not inclined to continue this case at this point. Relators have not shown good cause for amending the scheduling order. Therefore, Relators' motion to amend is DENIED.

### IV. Conclusion

Relators' motion to amend (Dkt. 222) is DENIED. Defendant Solvay America, Inc.'s motion for summary judgment (Dkt. 207), which is unopposed, is GRANTED. All claims against defendant Solvay America, Inc. are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on October 2, 2013.

_____
Gray H. Miller
United States District Judge