# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* John King & Tammy Drummond | § | |
| and John King & Tammy Drummond, | § | |
| Individually, *et al.* | § | |
| | § | CIVIL ACTION No. 06-2662 |
| Plaintiffs, | § | TRANSFERRED FROM EASTERN |
| v. | § | DISTRICT OF PENNSYLVANIA |
| | § | |
| SOLVAY S.A. *et al.*, | § | CIVIL ACTION No. 03-3561 |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## RELATORS' REPLY TO SPI'S RESPONSE TO RELATORS'
## RULE 56 MOTION FOR ADDITIONAL DISCOVERY TIME

In their Rule 56 Motion for Additional Discovery Time (the Motion) Relators argued that

based on the incomplete status of SPI's ongoing document production, and based on the fact that

SPI is in possession of the documents most relevant to the MPSJ, the Court should delay ruling

on the MPSJ. SPI's Response is replete with overreactions to the Motion. Relators did not—as

SPI argues—base the Motion on the unavailability of state records. Rather, Relators correctly

pointed out that the relevant documents are more readily available from SPI, which is supported

by the exhibits attached to the MPSJ Response and Supplemental MPSJ Response. But in its

Response, SPI puts at issue Relators' diligence with respect to third-party discovery and Relators

must therefore respond accordingly.

### A. Relators' Efforts Satisfy The Rule 56 Diligence Requirement

The Fifth Circuit requires a party's discovery behavior to be "slothful" in order to justify

denial of a Rule 56 motion for additional discovery time on those grounds. *Culwell v. City of*

*Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). "Lack of diligence alone," even if true, is not

sufficient to overcome the "presumption in favor of granting rule 56(f) motions." *Smith ex rel.*

*Smith v. Louisiana State Police*, CIV.A. 07-1189, 2008 WL 782771 (E.D. La. Mar. 20, 2008). In fact, Relators need only show that "no lack of diligence deprived them of the necessary evidence." *Kirkpatrick v. Dover & Fox, P.C.*, 4:13-CV-0123, 2013 WL 5723077 (S.D. Tex. Oct. 21, 2013).

Factors deemed relevant by the Fifth Circuit: 1) the length of the pendency of the case prior to the Rule 56(f) request; 2) whether and when plaintiff could have anticipated its need for the requested discovery; 3) the previous efforts, if any, made by plaintiff to obtain the needed information either through Rule discovery or otherwise; 4) the degree and nature of discovery already undertaken; 5) any limitations placed upon discovery previously by the trial court; 6) any prior solicitations of or provisions for discovery by the trial court; 7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim be dismissed; and 8) whether the requested information was inaccessible to plaintiff, *e.g.* as when within defendant's exclusive control, or whether alternative, accessible sources existed but were foregone. *Nowell v. Coastal Bend Surgery Ctr.*, CIV.A. C-10-205, 2011 WL 338821, at *3-4 (S.D. Tex. Feb. 2, 2011). SPI cites none of these factors, and all of them favor Relators.

SPI only cites *Beattie v. Madison County School Dist.* in support of the Court denying the Motion. *Beattie,* 254 F.3d 595, 606 (5th Cir. 2001). The facts in *Beattie* bear no resemblance to the facts in this case. The plaintiff had had several months to depose board members responsible for her termination. *Id*. The plaintiff argued that she had not deposed them earlier because the parties were in settlement negotiations. *Id*. The Fifth Circuit equated this to a suspension of discovery and held, "a party suspends discovery at his own risk." *Id*. Relators have not suspended discovery.

In *Baker v. American Airlines, Inc.*, the Fifth Circuit found lack of diligence sufficient to deny a Rule 56 motion. 430 F.3d 750, 752 (5th Cir. 2005). The district court had issued a scheduling order and plaintiff filed *no* discovery requests until 31 days before the scheduled end of the discovery period, i.e. one day before the last day to serve discovery, which was after the deadline for submitting summary judgment motions. *Id*. Because the plaintiff, as a result of her "inexplicable delay in filing any discovery requests," was entirely responsible for creating the situation, the Fifth Circuit affirmed the denial of her Rule 56 motion. *Id*. In this case, Relators filed their First Set of Requests for Production in April 2013, Ex. 26, and served their subpoenas between May 2013 and October 2013, well before the close of discovery, which was originally set for January 3, 2014, but which the parties have since requested be extended by 9 months. As a result, Relators' actions bear no resemblance to those of the plaintiff in *Baker*.

In *Culwell v. City of Forth Worth,* the Fifth Circuit found abuse of discretion where the district court denied a Rule 56 motion based on the plaintiffs' "lack of diligence." 468 F.3d 868, 872 (5th Cir. 2006). The plaintiffs "filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose summary judgment motions filed on the due date." *Id*. The Fifth Circuit held that "the delay did not (quite) warrant denial of their motion for lack of due diligence." *Id*. Again, Relators far exceeded the *Culwell* discovery diligence standard.

Between May and October 2013, Relators served 24 subpoenas seeking information about communications, whether direct or indirect, between SPI and P&T Committees. Ex. 17. As of this date, Relators are engaged in productive communications with all 24 subpoena recipients and 14 subpoena recipients have complied entirely. Ex. 27. The bulk of the subpoenas were

served in May and June 2013, although some were served later because, as is the case for Massachusetts, Relators first attempted to obtain the documents without a subpoena. Ex. 28.

With respect to SPI's allegation that Relators are guilty of a "seven-month delay in attempting to engage in <u>any follow-up whatsoever</u>," Resp. at 18 (emphasis in original), SPI is incorrect. In light of SPI's mis-statements, Relators now include evidence of Relators' efforts with States who have outstanding subpoenas. Exs. 27, 28 and 29. For example, with regard to Georgia alone, communications began on May 29, 2013, and Relators have been in near-constant communication with the Georgia Department of Community Health (DCH) since then. Ex. 26. As a result, SPI's attack on Relators' diligence is objectively unwarranted and provides no basis to deny the Motion.

**B. SPI's Has Obstructed Relators' Third-Party Discovery At Every Turn**

Relators ask the Court for additional discovery time because relevant documents are in SPI's possession. Relators did not attack SPI's production of documents. However, SPI's focus on Relators' alleged lack of diligence obtaining documents from the States adds insult to injury in light of SPI's repeated and documented attempts to obstruct such discovery. *See, e.g.* Ex. 19. Specifically, SPI incorrectly told the states that they were under no obligation to produce documents post-dating December 31, 2007, "Judge Miller limited discovery to the 'time period relevant to the well-plead allegations' of the Relator's complaint, 'and no later than December 31, 2007.' The Court found that discovery outside that time period would impose an undue burden." *Id*. As clearly noted in the Order at issue, and then confirmed by Magistrate Johnson, SPI mischaracterized the Court's ruling, "[C]ontrary to what Mr. Diesenhaus believes, that Order only limited [SPI's] discovery to the dates in that Order, all right?" Hr'g Tr. 3:24-4:3, Ex. 22. Undeterred, on June 13, 2013, SPI wrote another letter to the States discussing the same topics. Evidently aware of the thin ice it was treading, SPI included the phrase, "To be clear, this order

only governs SPI's discovery obligations in this case." *See, e.g.* Ex. 21. Unfortunately, the damage was done.

It soon became clear to Relators that SPI's letters had given certain States the impression they did not have to respond to the subpoenas or that they were entitled to limit production to December 31, 2007. On July 2, 2013, Relators wrote a letter to 7 states to set the record straight. Ex. 23. On July 19, 2013, Florida's Agency for Health Care Administration's objected to the subpoena in part on grounds that it sought documents post-dating December 31, 2007. Ex. 24. On July 25, 2013, Relators wrote a letter to Florida attempting to undo the confusion willfully created by SPI. Ex. 25. More recently, on January 22, 2014, Kentucky's Cabinet for Health & Family Services responded to Relators' October 2013 subpoena objecting that the subpoena asked it to search for and produce documents "outside of the relevant time period" and referenced the Order limiting SPI's discovery obligations to December 31, 2007. Ex. 20 at ¶ 16. SPI's correspondence continues to interfere with Relators' discovery efforts making SPI's finger pointing is both baseless and egregious.

Respectfully submitted,
BERG & ANDROPHY

By:   /s/ Maria-Vittoria G. Carminati
        Joel M. Androphy
        State Bar No. 01254700
        Sarah M. Frazier
        State Bar No. 24027320
        Rachel L. Grier
        State Bar No. 24055592
        Maria-Vittoria G. Carminati
        State Bar No. 24065007
        3704 Travis Street
        Houston, Texas 77002
        (713) 529-5622—Telephone
        (713) 529-3785—Facsimile
**ATTORNEYS FOR RELATORS JOHN KING AND TAMMY DRUMMOND**

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the Relators' Reply to SPI's Response to

Relators' Rule 56 Motion for Additional Discovery Time was served on January 30, 2014, on the

following counsel as follows:

*Via ECF & Via Email w/o Attachments*
Bruce D. Oakley
Hogan Lovells
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel.: (713) 632-1435
Fax: (713) 583-8909
Email: bruce.oakley@hoganlovells.com

Jonathan L. Diesenhaus (pro hac vice)
Jessica L. Ellsworth (pro hac vice)
Hogan Lovells
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: (202) 637-5600
Fax: (202) 637-5910
Email: jonathan.diesenhaus@hoganlovells.com
Email: jessica.ellsworth@hoganlovells.com

Andrea W. Trento
Hogan Lovells
100 International Drive
Suite 2000
Baltimore, MD 21202
Tel.: (410) 659-2700
Fax: (410) 659-2701
Email: andrea.trento@hoganlovells.com

/s/ Maria-Vittoria G. Carminati
Maria-Vittoria G. Carminati