IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *ex rel.* John King & Tammy Drummond<br>    and John King & Tammy Drummond,<br>    Individually, *et al.*<br><br>                Plaintiffs,<br>v.<br><br>SOLVAY S.A. *et al.*,<br><br>                Defendants. | CIVIL ACTION No. 06-2662<br>TRANSFERRED FROM EASTERN DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION No. 03-3561 |

## SUPPLEMENTAL DECLARATION OF MARK SUPPLE

I, Mark Supple, declare as follows:

1. This declaration supplements the declaration I signed on January 15, 2015.

2. I declared previously that Agent Cummins and I flew from the Washington DC area, where we were headquartered, to Houston, Texas, to meet with John King and Tammy Drummond. During the time I was a Senior Special Agent for the FDA's Office of Criminal Investigations, we would generally require from those we were to visit information that we would be able to review, usually either a written summary of the allegations at issue or pertinent documents, or both, before committing to making a trip. I can remember having seen some of John King's and Tammy Drummond's documents but cannot remember when I received them.

3. In order for us to make this trip, we had to seek budgetary approval from our supervisors. Such approval required us to justify the need to incur such cost in order to further our investigations. It normally would take a couple of weeks or more to schedule a trip. We would need to find dates that worked for us, as well as for the witness or witnesses and, frequently, their legal counsel. I was investigating five or six other cases, with venues in several states, at that time and would have had to juggle those cases in scheduling any trip. Realistically, two weeks is the shortest amount of time it would normally take between first receiving the allegations, requesting authorization for a trip from our supervisors, coordinating the timing of a meeting with everyone involved and actually making the trip.

4. Because of the above, the phone conversation(s) that Agent Cummins or I had with Mr. Androphy discussing Mr. King's and Ms. Drummond's allegations would certainly have preceded our request for authorization to take the trip. The phone conversation(s) therefore would normally have preceded the actual trip by at least two weeks.

5. I declare under penalty of perjury that the foregoing is true and correct.

March 12, 2015                                   _____
                                                  Mark Supple