2011 WL 1753489
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas,
Houston Division.

Clarence ARVIE, Plaintiff,
v.
DODEKA, LLC, Hilco Receivables LLC, Sanchez Law Firm, and Weinstein & Riley, P.S., Defendants.

Civil Action No. H–09–1076.   |   May 6, 2011.

**Attorneys and Law Firms**

Kimberly F. Soard, Attorney at Law, Katy, TX, Richard Neal Thompson, Attorney at Law, The Woodlands, TX, for Plaintiff.

Kelly Gill, McMahon Surovik et al, Lynette Maniss Tatum, Attorney at Law, Abilene, TX, for Defendants.

## MEMORANDUM AND OPINION

LEE H. ROSENTHAL, District Judge.

*1 The plaintiff, Clarence Arvie, sued under the Federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and under state-law causes of action. The dispute arose after Arvie accumulated a $6,900.64 debt on his Bank of America credit card account. The Bank of America sold the delinquent account to Hilco Receivables, LLC ("Hilco"). Hilco's debt-collection agent, FMA Alliance LTD, settled the debt with Arvie shortly after the Hilco purchase. After the settlement, Hilco sold the debt—allegedly without knowledge of the settlement—to Hudson & Keyes, which in turn sold it to Dodeka, LLC. Dodeka engaged the defendants Weinstein & Riley and the Sanchez Law Firm to collect the debt from Arvie. Their efforts to collect the settled debt from Arvie led to this suit.

Arvie sued Dodeka, LLC, Hilco Receivables, LLC, the Sanchez Law Firm, and Weinstein & Riley. Arvie asserted violations of the FDCPA; the Texas Debt Collection Practices Act (TDCPA), TEX. FIN.CODE § 392.001, et seq.; and the Texas Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM.CODE § 17.01, et seq., from the steps taken to collect the debt Arvie had settled. The deadline for dispositive motions was June 25, 2010. Dodeka, Hilco, and Weinstein & Riley filed separate and timely motions for summary judgment. (Docket Entry Nos. 44, 46, 50, 51, 54, 55). This court granted Hilco's motion, dismissing it from the lawsuit, but denied the motions filed by Weinstein & Riley and Dodeka.

On April 11, 2011, Arvie moved for leave to file a motion for summary judgment against Dodeka, Weinstein & Riley, and the Sanchez Law Firm. (Docket Entry No. 108). Dodeka and Weinstein & Riley objected to the motion, (Docket Entry No. 110), and Arvie responded, (Docket Entry No. 111). Based on the motion, objection, response, and the applicable law, Arvie's motion for leave to file a late summary judgment motion is denied.

"To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave of court upon a showing of good cause." *Argo v. Woods,* 399 F. App'x 1, 2 (5th Cir. Sept.10, 2010) (citing FED. R. CIV. P. 16(b)). Rule 16(b) states that scheduling orders "may be modified only for good cause and with the judge's consent." Rule 16's "fairly stringent 'good cause' standard ... requires [a party] to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not 'reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing FED. R. CIV. P. 16(b) advisory committee's note (1983)); *see also S & W Enters., LLC v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (quoting 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990)).

*2 The deadline for dispositive motions was June 25, 2010. Arvie filed his motion for leave to file a motion for summary judgment on April 11, 2011. Arvie argues that he has "good cause" to file a motion for summary judgment at this point because: (1) "[t]he issues may be determined by the court as a matter of law;" (2) "[a] determination of issues presented may significantly reduce the number of issues to be presented at trial;" and (3) he did not receive all necessary discovery until "late October or early November 2010."(Docket Entry No. 108, at 1–3). Arvie emphasizes that he has otherwise

complied with this court's scheduling orders. (Docket Entry No. 111, at 8–9).

Arvie does not show that he needed all the discovery he obtained before seeking summary judgment. Even assuming that Arvie did not have all the discovery necessary to file for summary judgment until November 2010, he then waited five months after receiving that discovery before moving for leave to file his for summary judgment motion. Arvie appeared before this court six times after the dispositive motion deadline without requesting leave to file a summary judgment motion. (Docket Entry Nos. 66, 81, 84, 90, 95, 105). Courts have found that similar delays demonstrate an absence of good cause. See *Howell v. Standard Motor Prods.,* No. 4:99–CV–0987–E, 2001 WL 196969, at *2 (N.D.Tex. Feb.26, 2001) (finding that there was not good cause to add a party after the scheduling order's deadline because the plaintiff waited four months after deposing the proposed party defendant to move to add him); *Sea–Land Services, Inc. v. D.I.C., Inc.,* 102 F.R.D. 252, 253–54 (S.D.Tex.1984) (denying defendant's Rule 12(c) motion filed seven months after motion cutoff date because "[t]he Defendant offers the court no explanation or showing of 'good cause' why on the eve of trial the motion should be considered"); *Smith v. Gerhardt,* Civ. A. No. 04–2236, 2006 WL 1895490, at *1 (W.D.La. July 10, 2006) (agreeing with the magistrate judge's determination that there was not good cause to amend a complaint after the scheduling order's deadline because five months had passed since the deadline). Because Arvie has not shown (1) why he could not move for summary judgment before he had received all of the defendants' discovery responses and (2) even assuming that he could not move for summary judgment until receiving the discovery responses, why he waited five more months to seek leave to do so, he has not demonstrated good cause. See *MGM Well Servs., Inc. v. Mega Lift Sys., LLC,* Civ. A. No. H–05–1634, 2006 WL 1852322, at *2 (S.D.Tex. June 30, 2006) (denying amendment where movant "offers no explanation specifically addressing its failure to move for leave to amend in timely fashion, and its conclusory statements regarding recent discovery of information are inadequate and unsupported by the record").

The motions practice in this case has been extensive. It has been expensive for the parties in terms of time and money. More motions practice would add to the time and expense. At this point in this case, trying the case and deciding it on the basis of a complete record is more consistent with Federal Rule of Civil Procedure 1 than allowing yet more dispositive motions and reopening the briefing cycle.

**\*3** Arvie's motion for leave to file for summary judgment, (Docket Entry No. 108), is denied. Arvie's motion for summary judgment, (Docket Entry No. 109), is denied as moot.

---

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.