UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN KING and TAMMY DRUMMOND, *et al.*,     *Plaintiffs*, <br><br> v. <br><br> SOLVAY S.A., *et al.*,     *Defendants*. | § § § § § § § § § § | CIVIL ACTION H-06-2662 |

**ORDER**

Pending before the court is a motion for partial summary judgment filed by defendant Solvay Pharmaceuticals, Inc. ("SPI").[1]  Dkt. 408.  Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Relators John King and Tammy Drummond ("Relators") assert claims against SPI under the federal False Claims Act and various state False Claims Acts for alleged false claims relating to three different drugs—AndroGel, Aceon, and Luvox.  The only drug at issue with regard to the instant motion is AndroGel.  The court already dismissed the Texas, Virginia, California, and federal False Claims Act claims relating to AndroGel because the allegations and transactions upon which those claims were based were disclosed publicly and Relators did not qualify for the original source exception to the public disclosure bars.  Dkt. 386.  SPI now requests that the court dismiss all the state False Claims Act claims relating to AndroGel because (1) the court no longer has supplemental jurisdiction over any state law claims since there was no jurisdiction over the parallel federal claim;

---

[1] SPI is now known as AbbVie Products, LLC.  Dkt. 409 at 1 n.1.

(2) the court does not have jurisdiction over Relators' AndroGel claims under the False Claims Acts of eighteen of the remaining twenty states, as these states have a public disclosure bar substantially similar to the federal False Claims Act statute and should be dismissed for the same reason the court dismissed the federal claims; and (3) Relators cannot create jurisdiction by amending a complaint, so all state claims added in the first amended complaint (ten states) and second amended complaint (one state) should be dismissed. Dkt. 409. Relators assert that (1) they satisfied the original source requirements prior to filing suit by giving notice in nine states that had public disclosure bars;[2] (2) two of the states do not have public disclosure bars;[3] and (3) the court may exercise supplemental jurisdiction. Dkt. 454. Relators do not oppose the motion to dismiss the AndroGel-related claims filed under the False Claims Acts of the District of Columbia and the following states: Illinois, Florida, Massachusetts, Tennessee, Delaware, Nevada, Louisiana, and Hawaii. *Id.*

## II. SUMMARY JUDGMENT STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its

---

[2] Relators assert that they met the original source exception by providing information prior to filing suit to the following states: Georgia, Indiana, Michigan, Montana, New Hampshire, New Jersey, Oklahoma, and Rhode Island. Dkt. 454.

[3] The two states that do not have public disclosure bars are Wisconsin and New Mexico. *Id.*

burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

The court need not go further than the jurisdictional analysis, which is dispositve. Under 28 U.S.C. § 1367(a), federal district courts that have original jurisdiction over a claim "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they *form part of the same case or controversy* under Article III of the United States Constitution," with some exceptions. 28 U.S.C. § 1367(a) (emphasis added). Section 1367(a) does not apply if another federal statute expressly provides different criteria for the exercise of supplemental jurisdiction. *Id.* The supplemental jurisdiction provision of the federal False Claims Act, enacted four years prior to § 1367, is another statute that expressly provides for supplemental jurisdiction, so it controls. Under 31 U.S.C. § 3732(b), "[t]he district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action *arises from the same transaction or occurrence* as the action brought under section 3730." 31 U.S.C. § 3732(b) (emphasis added).

Relators contend first that 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b) are not in conflict and second that, regardless, the court may exercise supplemental jurisdiction under either statute. Dkt. 454. First, Relators assert that "*no* court has ever ruled that section 3732 prohibits the exercise of discretionary jurisdiction over pendent state claims any more than section 1367 does." *Id.* Relators contend that "to the extent a case or controversy is broader than a transaction or occurrence,

3

. . . section 1367 enlarged the scope of mandatory supplemental jurisdiction." *Id.* Second, Relators contend that the state AndroGel claims should be considered the same transaction or occurrence as the claims relating to the other two drugs at issue because sometimes the sales representatives communicated about more than one drug at the same time. *Id.*

SPI counters Relators' first argument by stating, "[n]o case that Relators cite holds that the 'enlargement' of supplemental jurisdiction in 28 U.S.C. § 1367 (Opp. at 14) trumps the more limited supplemental jurisdiction provided for in the FCA itself." Dkt. 466. With regard to the second argument, SPI asserts that the "transaction and occurrence" referred to in § 3732 is the transaction of the same false claim from a pharmacy that is received by both state and federal Medicaid programs, not the broad transactions that Relators assert could encompass AndroGel claims and the claims submitted for the other drugs at issue. *Id.*

First, the court finds that, notwithstanding the lack of authority, it is clear that the court should follow the "same transaction or occurrence" requirements of § 3732, not the "same case or controversy" requirements of § 1367. Under the reasoning of Relators first argument, Congress was not attempting to *restrict jurisdiction* with § 3732, it was merely *enlarging* jurisdiction with the enactment of § 1367. *Id.* If Congress meant to broaden the supplemental jurisdiction in preexisting statutes when it enacted § 1367, it would not have said "[e]xcept . . . as expressly provided otherwise by Federal statute." 28 U.S.C. § 1367(a). Section 3732 already "otherwise" "expressly provided" that federal district courts could exercise supplemental jurisdiction only over state-law claims that "arise[] from the same transaction or occurrence as the action brought under section 3730." 31 U.S.C. § 3732(b).

As to Relators' second argument, while one could plausibly argue that the AndroGel claims are part of the same "case or controversy" as the claims for the other drugs at issue, the argument that the claims are part of the same "transaction or occurrence" as the other claims for other drugs is not plausible. Relators attempt to meet the same transaction or occurrence requirements by providing evidence that there were some transactions or occurrences within the grand scheme that involved more than one drug. For instance, they provide callnotes indicating that, at times, SPI sales representatives spoke to physicians about AndroGel on the same visit that they spoke about one of the other drugs at issue. *See* Dkt. 454. They also point out that some of the alleged off-label marketing and kickback campaigns for the different drugs were the same or similar. *Id.* This evidence gives credence to the idea that the claims relating to all three drugs are part of the same "case or controversy." It does not, however, indicate that claims relating to AndroGel "for the recovery of funds paid by a State or local government" arise "from the same transaction or occurrence" as the claims relating to the other two drugs. 31 U.S.C. § 3732.

This case involves multiple alleged schemes relating to three different drugs and involving thousands of alleged false claims for payments for prescriptions for these three drugs, so it is difficult to pinpoint exactly what "transaction or occurrence" is relevant for the jurisdictional analysis. However, the right answer cannot be a peripheral connection between the activities giving rise to the AndroGel claims and the other drug claims with regard to the few discrete transactions highlighted by Relators. Yes, the same sales representatives marketed the drugs at issue and used some of the same techniques, but the heart of what makes Relators' case is what was said about each drug that allegedly caused the physicians to prescribe the drug for non-approved uses. This was different for each drug even if each drug was discussed during the same visit. Moreover, the alleged false claims

for payment that resulted from the allegations of improper marketing were by nature separate for each drug. While the claims for kickbacks are a closer call than the off-label promotion claims, the court finds that none of the state-law AndroGel claims arises from the same transaction or occurrence as the federal Aceon and Luvox claims.[4] The state and District of Columbia AndroGel claims must therefore be dismissed for lack of jurisdiction.

---

[4] The court dismissed the federal AndroGel related claims because, among other reasons, Relators did not qualify as "original sources." *See* Dkt. 386. Relators did not provide evidence that there was a material fact as to whether they voluntarily disclosed information to the government prior to filing suit, and voluntary disclosure to the government is required to meet the original source exception. *See id.* While Relators provided evidence indicating that they disclosed information to the government prior to suit, the court construed these disclosures to be those that were *required* prior to filing suit, not the *voluntary* disclosures contemplated by the original source exception to the public disclosure rule. *See id.* Relators contend that the court should change course with the state-law claims and allow the pre-suit disclosures they made to the states a week or so prior to filing suit on behalf of those states count as the voluntary disclosures that must be made to the prior to filing suit. Dkt. 454. Relators are specifically critical of *one* of the four cases the court cited to support its conclusion that providing the government with the required disclosures is not sufficient to satisfy the original source voluntary disclosure requirement. *See id.* (criticizing the court's reliance on *United States ex rel. Ackley v. Int'l Bus. Machs. Corp.*, 76 F. Supp. 2d 654, 659 (D. Md. 1999) because, among other things, another court stated that *Ackley* is "rather dated," "only persuasive authority," and "not very persuasive at that"). The court remains convinced by the persuasive authority cited in its order dealing with the federal AndroGel claims that the mandatory disclosures are not the same as the voluntary disclosures contemplated by the original source exception. Accordingly, even if the court did not lack jurisdiction over the state claims due to the dismissal of the federal claims, it would not have jurisdiction over the AndroGel claims for the nine states that Relators contend had voluntary disclosure requirements that were satisfied.

## IV. Conclusion

Because the court does not have supplemental jurisdiction over the state-law and District of Columbia claims relating to AndroGel, SPI's motion to dismiss those claims is GRANTED. Relators' state-law claims relating to AndroGel are DISMISSED.

Signed at Houston, Texas on September 28, 2015.

_____
Gray H. Miller
United States District Judge