UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN KING and TAMMY DRUMMOND, *et al.*, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION H-06-2662 |
| SOLVAY S.A., *et al.*, Defendants. | § § § | |

**ORDER**

Pending before the court is a motion filed by Relators to alter or amend an order the court issued on March 3, 2015, in light of newly discovered evidence and on other grounds. Dkt. 407. After considering the motion, response, and reply, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

On March 3, 2015, the court issued a memorandum opinion and order in which it granted in part a motion for partial summary judgment filed by defendant Solvay Pharmaceuticals, Inc. ("SPI") the "Public Disclosure Order"). Dkt. 386. SPI had moved for summary judgment on Relators' AndroGel related claims due to the public disclosure bars in the federal and state False Claims Act statutes.[1] Dkt. 376. The court granted the motion with regard to the federal statute and with regard to the Texas, Virginia, and California statutes. Dkt. 386. The court found that the evidence of voluntary pre-filing disclosure required by the statutes was insufficient to raise an issue of material fact that the Relators voluntarily disclosed the information to the federal and state governments as required for the original source exception in the False Claims Acts to apply. *Id.*

Relators now argue that they have received unsolicited new evidence from a new witness that relator John King met all voluntary disclosure requirements in 2002 before he engaged his current

---

[1] This case primarily is about alleged off-label promotion of three drugs manufactured by SPI or its affiliates—AndroGel, Luvox, and Aceon. Dkt. 154 (fifth amended complaint).

lawyers and prior to filing suit in 2003. Dkt. 407. Relators argue that their current attorneys' timesheets and supplemental declarations substantiate that they made substantial declarations to Food and Drug Administration ("FDA") agents at least two weeks prior to filing suit. *Id.*

The alleged new information comes from Lori King, the ex-wife of relator John King. *Id.* Lori King states that she read the Public Disclosure Order on PACER and became alarmed that the court was unaware of earlier voluntary disclosures that she made. *Id.* Lori King asserts that she began emailing the FDA at its general address in May 2002. *Id.* Lori King states that after numerous attempts to get the FDA's attention, in August 2002, John King had lengthy conversations with the FDA. *Id.* She contends that John King spoke with FDA representatives from ten to twelve times during this timeframe. *Id.*

Relators also provided a supplemental declaration from John King. Dkt. 407, Ex. 3. John King states that he had forgotten about the conversations that Lori King discusses in her declaration and that his memory is "somewhat refreshed" after reading the declaration. *Id.* He contends that he was depressed in the spring and summer of 2002 and that he thinks his depression affected his memory. *Id.* He believes Lori King's memory of this time period is superior to his own. *Id.*

Mark Supple of the FDA has provided a supplemental declaration in which he states that he took a trip to visit John King and John King's current counsel on June 9, 2003, which would have taken at least two weeks of coordination for scheduling. Dkt. 407, Ex. 4. Additionally, Supple contends that he would have had required a written summary of the allegations, pertinent documents, or both, before scheduling this trip. *Id.* He recalls seeing documents, but does not recall when he received them. *Id.*

Joel M. Androphy, Relators' current counsel, also provided a supplemental declaration. Dkt. 407, Ex. 1. Androphy states that he reviewed his records after receiving the Public Disclosure Order

because he was certain the FDA would not have traveled to Houston, Texas, to meet with him prior to his filing of this lawsuit if they had not first discussed the allegations at length. *Id.* His billing records do indicate that he spent time discussing the case with the FDA at least two months prior to meeting with them and filing suit. *Id.* He does not, however, have any independent recollection of the calls or what was discussed. *Id.*

SPI argues that this "newly" discovered evidence is not new at all and in fact could have been discovered with proper diligence before the court issued the Public Disclosure Order. Dkt. 413. SPI additionally argues that none of this evidence changes the outcome, anyway, because it is merely cumulative of the evidence already offered. *Id.* SPI contends that Lori King is a long-known interested party in this action, and Relators do not offer an explanation as to why she was not consulted earlier. *Id.* SPI also argues that Lori King's declaration cannot be considered as evidence because it is hearsay. SPI additionally asserts that Relators cannot rely on Lori King's declaration to avoid summary judgment because Relators stipulated that they would not call Lori King as a witness to avoid having SPI depose her. SPI also takes issue with the newly offered Supple and Androphy declarations, as there is no explanation as to why Supple and Androphy could not have offered their statements prior to the court's summary judgment ruling. *Id.*

The motion is now ripe for review. The court will first discuss the legal standard for motions to alter or amend and then address the parties' arguments.

## II. Legal Standard

A party may file a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment. *Id.* A motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

3

been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) allows parties "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

### III. ANALYSIS

Relators contend that their "motion is premised on newly discovered evidence that was simply unavailable prior to March 3, 2015." Dkt. 407. The main new evidence relied upon is the declaration by Lori King relating to her recollection of discussions with the FDA by both her and John King. Dkt. 407-2. She does not specifically note *what* she said during her conversations with the FDA, just that it related to off-label marketing and kickbacks as to the three drugs at issue and another drug. *Id.* Then, she discusses conversations John King had with federal agents, including that he spoke with agents ten to twelve times during this timeframe and often held the phone up so that she could hear. *Id.* She then goes into more detail about what she heard John King say to the agents about the drugs at issue. *Id.*

SPI objects to Lori King's declaration as hearsay. Dkt. 413. Relators argue that the declaration is admissible because it is "compliant with 28 U.S.C. § 1746 regarding Unsworn Declarations Under Penalty of Perjury and that "[u]nder [Federal Rule of Civil Procedure] 56, a party is entitled to rely on 'affidavits, declarations, stipulations,' among other items, in support of an assertion that a fact 'is genuinely disputed.'" Dkt. 440-1.

4

Lori King's recollections about what John King said to the FDA are undoubtedly hearsay, as the statements are offered to prove the truth of the matter asserted: that King told the FDA about the off-label promotion and kickbacks relating to AndroGel. *See* Fed. R. Evid. 801(c) (defining hearsay). The court is baffled as to how Relators could believe that it does not matter if the declaration is based on hearsay if it is being used to defend against a motion for summary judgment. The federal rule relating to summary judgments, Rule 56(c), states that a "party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, affidavits or declarations . . . ," *and* requires that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be *admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c) (emphasis added). Here, John King does not remember talking with the FDA, and Lori King's statements about what John King said are hearsay and not admissible evidence.[2] The statute that Relators cite does not help with this evidentiary issue. It simply allows parties to submit unsworn declarations under penalty of perjury rather than sworn declarations. *See* 28 U.S.C. § 1746. It does not relieve a party of the requirement that the declaration set out facts that would be admissible. SPI's objection to the hearsay statements contained in Lori King's declaration is SUSTAINED. The court will not consider any hearsay statements contained within the declaration.

SPI also argues that the declaration is inadmissible because the Relators stipulated that they would not call Lori King to testify at trial, including in rebuttal, in exchange for SPI's stipulation that it would not seek to depose Lori King. Dkt. 413 & Ex. 1 (stipulation). Pursuant to this stipulation,

---

[2] Relators did not argue that any hearsay exceptions apply.

5

Lori King's declaration cannot be reduced to admissible trial testimony. Relators acknowledge that they did stipulate that Lori King would not be a fact witness at trial, but they argue that "public disclosure is not an issue of fact" and that they "made that stipulation under the mistaken belief that Ms. King's testimony would only be relevant to special damages, such as emotional distress beyond pain and suffering and mental anguish, which they are not seeking." Dkt. 440-1 at 3 n.4.

"[O]n a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). The rule does not differentiate between evidence used in motions for summary judgment relating to questions of fact or questions of law. Here, the parties have stipulated that Lori King's testimony is not admissible at trial, and the declaration is thus not competent summary judgment evidence.

Moreover, even if it were competent summary judgment evidence, Relators have not offered sufficient explanation for waiting until after all of the briefing on the motion for summary judgment to talk with Lori King about what she may remember about reporting the alleged issues with the promotion of AndroGel. Relators assert that they exercised reasonable diligence when preparing their response to the motion for summary judgment and that they were surprised when Lori King came forward with the information about meeting with the FDA. When one considers the evidence in the Record at the time the response was due, however, it should not have been a surprise. Relators contend that they entered into the stipulation discussed above partially to relieve the Kings from scrutiny about their marriage and of the depression that John King experienced in 2002. Dkt. 407 at 3 n.1. The stipulation is dated October 1, 2014. Dkt. 413-1. The response to SPI's motion for partial summary judgment was not filed until December 22, 2014. Dkt. 361. If Relators' wished to

question the accuracy of John King's recollection due to his psychological state, the time to do so would have been during the original briefing on the motion, not after the court has already ruled.

Relators also contend that they presumed that the pre-filing disclosure "consisting of conversations over a number of months followed by a ten-hour meeting with the Government would be sufficient pre-filing disclosure" since the statute only requires disclosure before filing. Dkt. 440-1 at 3 n.2. There was, however, no evidence of "conversations over a number of months" submitted in response to the motion for summary judgment. As far as whether the ten-hour meeting the day before filing suit satisfies the requirement, SPI's motion for summary judgment argued that the ten-hour meeting did not satisfy the voluntary disclosure requirement and cited the same cases the court relied upon in its Public Disclosure Order. *See* Dkt. 359 (SPI's memorandum in support of its motion for summary judgment). Relators thus had notice, in addition to the general availability of caselaw interpreting the statute, that the ten-hour meeting alone may not be sufficient. A false belief that one's argument will prevail is simply not justification for a later alteration of a judgment when the argument fails.

While the court is certainly sympathetic to John King's situation and understands that it is difficult to recall events from so many years ago even if one were not depressed at the time, simply pointing out that John King may not adequately remember events essential to the maintenance of Relators' AndroGel claims and then finding a witness that has a recollection of events differing from John King's after an adverse ruling on summary judgment is not sufficient to invoke the extraordinary remedy of reconsidering the court's judgment.

The only "new" evidence presented other than Lori King's declaration, which the court will not consider for all the reasons outlined above, is a declaration from Relators' counsel, including

7

timesheets, and Supple's declaration. This evidence was available with due diligence at the time Relators filed their response to SPI's motion. Relators contend that the evidence is offered only to corroborate the novelty of the information in Lori King's declaration. Dkt. 440-1. Since that declaration is inadmissible, corroboration is unnecessary.

## IV. CONCLUSION

Relators' motion to alter or amend judgment is DENIED.

Signed at Houston, Texas on September 30, 2015.

_____
Gray H. Miller
United States District Judge