UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* JOHN KING and | § | |
| TAMMY DRUMMOND, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2662 |
| | § | |
| SOLVAY S.A., *et al.*, | § | |
|     Defendants. | § | |

## ORDER

Pending before the court are, among numerous other motions, (1) Relators' renewed and consolidated motion for leave to file expert rebuttal reports ("Rebuttal Report Motion") (Dkt. 575); and (2) Solvay Pharmaceuticals, Inc.'s ("SPI") motion for leave to file supplemental authority ("Supplemental Authority Motion") (Dkt. 584). First, the Supplemental Authority Motion, while opposed, merely requests that the court consider a recent opinion issued by Judge Ellison: *United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-cv-3396, 2015 WL 5178074 (SD. Tex. Sept. 3, 2015). The court will consider Judge Ellison's opinion when ruling on the Rebuttal Report Motion and any other pending motions to which it is relevant. SPI's Supplemental Authority Motion (Dkt. 584) is thus GRANTED.

The parties met and conferred about the Rebuttal Report Motion and reached several agreements. *See* Dkt. 586. The court also held a hearing on the Rebuttal Report Motion on September 30, 2015. After considering the parties' arguments and applicable law, including the Judge Ellison opinion that is the subject of the Supplemental Authority Motion, the court find that, as to the remaining points of disagreement outlined in the parties' joint report filed on September 28, 2015, Relators' Rebuttal Report Motion (Dkt. 575) should be DENIED. The court, like Judge

Ellison, disagrees with Relators' contention that they are entitled to file rebuttal reports under Federal Rule of Civil Procedure 26(a)(2)(D)(ii) even if the court's scheduling order does not provide a date for rebuttal reports.  *See Ruscher*, 2015 WL 5178074, at *4 (not allowing rebuttal reports when the scheduling order was silent on rebuttal reports and there was no evidence that the parties contemplated rebuttal evidence).  Here, the scheduling order does not contemplate rebuttal reports, and Relators have not demonstrated that there is good cause to file the reports at this time.  The Rebuttal Report Motion, as to the aspects of that motion that are not agreed to by the parties, is DENIED.  However, the motion is DENIED WITHOUT PREJUDICE to raise the issues in the reports at trial in rebuttal to SPI's expert testimony, *if* the issues raised are truly rebuttal.

      Signed at Houston, Texas on October 1, 2015.

                                              _____
                                                         Gray H. Miller
                                             United States District Judge