UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* JOHN KING and | § | |
| TAMMY DRUMMOND, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2662 |
| | § | |
| SOLVAY S.A., *et al.*, | § | |
| Defendants. | § | |

# ORDER

Pending before the court is a motion to strike defendant Solvay Pharmaceuticals, Inc.'s ("SPI") motion for partial summary judgment on Relators' off-label promotion theories ("Off Label MSJ"). Dkt. 526. After considering the motion, other relevant documents in the record, and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND AND ANALYSIS

The deadline for filing dispositive motions in this case was March 6, 2015. Dkt. 247. The *Daubert* motion deadline was May 15, 2015. Dkt. 383. SPI filed its Off Label MSJ on May 15, 2015, along with several *Daubert* motions. *See* Dkt. 476 (Off Label MSJ); Dkts. 479, 484, 492, 500, 503, 507 (*Daubert* motions). It did not file a concurrent motion for leave to untimely file the Off Label MSJ. Relators now move to strike the Off Label MSJ as untimely.

On February 3, 2015, prior to the dispositive motions and *Daubert* motions deadlines, the court held an informal hearing via teleconference to help resolve a dispute relating to expert discovery. The minute entry for that hearing is as follows:

> Minute Entry for proceedings held before Judge Gray H. Miller.
> DISCOVERY conference held on 2/3/2015 regarding the parties'

>outstanding discovery dispute. Defendants' expert disclosures due 3/12/2015. Expert discovery deadline 4/15/2015. Daubert motions deadline 5/15/2015.

Dkt. 383.

SPI argues that its Off Label MSJ is based on expert testimony and could not have been filed on the March 6 dispositive motion deadline because expert discovery extended beyond that date. Dkt. 532. SPI contends that the court extended expert discovery and *Daubert* deadlines during the teleconference, as reflected in the minute entry, and it "also addressed the anticipated filing of summary judgment motions premised on expert discovery." *Id.* SPI asserts that "[a]s the Court announced the new schedule, counsel for SPI pointed out, and believes the Court agreed, that summary judgment motions based on expert discovery could be filed along with related *Daubert* motions once expert discovery was complete." *Id.* SPI thus argues that the court's May 15, 2015 deadline for *Daubert* motions encompassed "both motions to exclude testimony and motions for summary judgment premised on failures of proof brought to light by expert discovery." *Id.* Additionally, SPI contends that even if a good cause standard applies, it is satisfied. *Id.*

Relators state that they have no knowledge of the conversation that SPI contends occurred during the February 3 teleconference relating to summary judgment motions. Dkt. 551. Moreover, Relators assert that if SPI did not have all the information it needed to file its summary judgment prior to the conclusion of expert discovery, it could have timely filed a motion and then moved to amend once the expert discovery was available. *Id.* Thus, Relators argue there is no good cause to allow the untimely motion, and, moreover, allowing it would severely prejudice Relators, as the trial date has already been delayed by SPI's eight other motions for partial summary judgment. *Id.* Relators urge the court to consider Federal Rule of Civil Procedure 1, which indicates that the Rules

"'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.*

The court has reviewed not only the minute entry, but its notes for the February 3 teleconference. There is no mention of the court extending the deadline for dispositive motions. While the topic may have been discussed, it is clear that the court did not expressly rule that the dispositive motion deadline was extended for dispositive motions that required expert testimony. The court expected that any parties needing to file dispositive motions after the deadline would file a motion for leave to do so. Then, the court would take the fact that the expert discovery deadline was later than the dispositive motion deadline into account when ruling on the motion or motions for leave to untimely file dispositive motions relating to expert testimony. If no formal extension is in the record, whether the court acknowledged that dispositive motions may need to be filed late is irrelevant—a motion for leave is appropriate. Thus, the Off Label MSJ is, as Relators suggest, untimely.

However, as Relators point out, the rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Going to trial when an issue could potentially be determined as a matter of law due to a misunderstanding of the deadline would not accomplish that goal. The court finds that, in the interest of judicial economy, it should consider the motion for summary judgment. Any delay caused by this one motion is minimal when one considers the sheer quantity of motions currently before the court in this case.

## II. Conclusion

Relators' motion to strike (Dkt. 526) is DENIED. Relators shall respond to the motion for partial summary judgment at docket entry 476 within twenty days of the date of this order. SPI shall have five days to reply. The court will rule on the motion as soon as possible thereafter.

Signed at Houston, Texas on October 5, 2015.

_____
Gray H. Miller
United States District Judge